UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )
                                )
v.                              )        No.:   3:18-CR-8-TAV-DCP-4
                                )
MICHAEL HALLCOX,                )
                                )
              Defendant.        )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release [Doc. 212] as supplemented by counsel [Doc. 215].  The United States filed a response in opposition [Doc. 218].  For reasons discussed below, Defendant's motion for compassionate release will be denied.

Also before the Court is Defendant's motion for leave to file document under seal [Doc. 216].  The Court has reviewed Defendant's proposed sealed document [Doc. 217] and for good cause shown, the motion for leave to file document under seal will be granted.

## I.    BACKGROUND

In January of 2019, Defendant was sentenced to a total term of 144 months of imprisonment based on his conviction for conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine [Doc. 142].  The Defendant is presently housed at Victorville Medium I FCI, and according to the Bureau of Prisons ("BOP"), his projected release date is in June of 2028.  *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 22, 2022).  He moves for

compassionate release based on his health conditions amid the COVID-19 pandemic, his desire to serve as caregiver for disabled family members, and his rehabilitative efforts [Docs. 212, 215].

## II.    LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).  Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020).  Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).  However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government.  *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the

2

Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. ANALYSIS

### A. Exhaustion

Defendant submitted a compassionate release request to the warden at his prison and his request was denied [Doc. 218-1]. The United States has waived any objection on exhaustion grounds [Doc. 218, p. 2 n.1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

### B. Merits

First, Defendant seeks relief based on his risk of serious illness if he contracts COVID-19. The BOP reports that Defendant's prison currently has zero confirmed cases of COVID-19 among the inmate population and thirteen (13) confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited April 22, 2022). The number of infections among staff members is not insignificant. However, without additional circumstances warranting relief, mere "speculation as to

3

whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release." *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020).

Defendant asserts that he is particularly vulnerable to the virus due to his underlying health problems [Doc. 212, pp. 5, 7; Doc. 215, pp. 2–3]. Defendant is 42 years old and medical records confirm that he suffers from chronic obstructive pulmonary disease (COPD), among other conditions[1] [Doc. 219, p. 12]. The Centers for Disease Control ("CDC") has concluded that COPD "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 22, 2022). Thus, Defendant may be at an increased risk of serious illness if he contracts COVID-19.

However, Defendant's conditions do not appear to be untreated or life threatening. BOP has classified him as a Care Level 1 [Doc. 218-1, p.2], indicating that he is generally healthy with limited medical needs. *See*

---

[1] According to BOP medical records, Defendant's current conditions also include hyperlipidemia, dental cares, periapical abscess without sinus, atopic dermatitis, disorder of bone density and structure, LTBI, an elevated blood pressure reading without diagnosis of hypertension, localized swelling, ear injury, and wrist injury [Doc. 219, pp. 12–13]. The CDC does not recognize any of these conditions as COVID-19 risk factors. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 22, 2022).

http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited April 22, 2022). Significantly, Defendant contracted COVID-19 in January 2022 and recovered without suffering any serious complications [Doc. 219, pp. 9–11, 15, 17]. Further, Defendant has been offered the COVID-19 vaccine, although he declined it [Doc. 217, p. 77]. Defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Given that Defendant's health conditions do not appear to be severe, his previous recovery from COVID-19, and his access to vaccination, the Court does not find that Defendant's health conditions combine with the COVID-19 pandemic to create an extraordinary and compelling reason for a sentence reduction.

Next, Defendant requests compassionate release so he may care for his mother and twelve-year-old daughter, both of whom he says are disabled [Doc. 212, p. 5]. Yet Defendant has not provided any medical records or other evidence of his mother's or daughter's conditions. Nor has he shown what kind of care they require or that he is the only available caregiver. Thus, the Court cannot conclude that Defendant's desire to serve as caregiver to his family members provides a basis for relief.

Last, Defendant asserts that release is warranted given his rehabilitation [Doc. 212, pp. 5–6; Doc. 215, p. 8]. While the Court considers rehabilitative efforts to be relevant to a discussion of the § 3553(a) factors, the Court does not find those facts sufficient to

5

constitute "extraordinary and compelling" grounds for compassionate release. Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

Taken altogether, the Court does not find extraordinary and compelling reasons for a sentence reduction at this time. Therefore, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Docs. 212, 215] is **DENIED**. Defendant's motion for leave to file document under seal [Doc. 216] is **GRANTED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6